UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL JOSEPH FLICK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 13-287-DCR-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH MEKO, Warden, Little Sandy | ) | **MEMORANDUM OPINION** |
| Correctional Complex, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Michael Joseph Flick was convicted of murdering Christina Wittich by a Fayette Circuit jury. The same jury also convicted Flick of second degree assault while under extreme emotional disturbance in connection with his shooting of Randall Lambirth which occurred shortly after Flick murdered Wittich.[1] After unsuccessfully exhausting his state appeals, Flick petitioned this Court for collateral relief under 28 U.S.C. § 2254. [Record No. 1] As grounds for the relief sought, Flick claims, *inter alia*, that: (i) certain pre-trial statements should have been suppressed by the state trial court; (ii) the trial court should have granted a directed verdict on the murder conviction because the jury's verdict was inconsistent with its finding that Flick acted under extreme emotional distress when he shot Lambirth; (ii) his trial attorney was ineffective by failing to use a mental health expert during a suppression hearing; and (iv) his attorney was ineffective by failing to correct information in a report prepared by his expert witness.

---

[1] Flick was also convicted of first degree burglary.

Consistent with local practice, Flick's petition was presented to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(B). On April 23, 2014, United States Magistrate Judge Edward B. Atkins issued his report. [Record No. 10] After summarizing the factual and procedural history of the case, Magistrate Judge Atkins recommended that the petition be dismissed because all of Flick's claims were presented to, but rejected by, Kentucky's highest courts and resolution of those claims by the state courts did not involve an unreasonable application of clearly-established federal law.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Here, Flick has failed to file timely objections to the Magistrate Judge's Report and Recommendations. Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Flick's § 2254 petition.

Flick's claim that his statements to Officer Shirley and/or Detective Brotherton should have been suppressed lack merit. The state court's application of the factors to be considered in determining voluntariness of the subject statements was not unreasonable. *Miller v. Fenton*,

474 U.S. 104, 112 (1985); *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). Likewise, the state court did not apply clearly-established federal law in an unreasonable manner in determining that a direct verdict should not have been entered regarding Flick's murder conviction. As the Magistrate Judge correctly explained in his Report and Recommendation, the evidence presented at trial supported the verdicts returned by the jury regarding the murder and second degree assault convictions. [Record No. 10, pp. 8-12] Finally, the state courts correctly rejected Flick's claims of ineffective assistance of counsel as the Magistrate Judge properly summarized at pages 12-17 of his Report and Recommendation. Therefore, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 10] is **ADOPTED** and **INCORPORATED** by reference.

2. Michael Joseph Flick's Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 [Record No. 1] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

This 13th day of May, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge